UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL NATIONAL MORTGAGE
CORPORATION,

       Plaintiff,

v.                                   Case No: 2:17-cv-719-FtM-38MRM

ROBERT T. WILSON, SR. and
LESLIE WILSON,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

      Before the Court is Plaintiff Federal National Mortgage Corporation's Motion to Remand. (Doc. 10). Defendants Robert T. Wilson, Sr. and Leslie Wilson, appearing *pro se*, have moved to Strike Plaintiff's Motion to Remand (Doc. 14), which the Court construes as their opposition to Plaintiff's motion. They have also moved to amend the Complaint (Doc. 13), to which Plaintiff has not responded. For the following reasons, the Court grants Plaintiff's motion to remand and denies Defendants' motion to amend the Complaint as moot.

      This mortgage foreclosure action started over five years ago when Defendants defaulted on their mortgage. Plaintiff sued them in Florida state court and received a final judgment in its favor. (Doc. 10-5). Defendants appealed but lost. (Doc. 10-7). Facing

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

an imminent foreclosure sale, Defendants removed the case to this Court. (Doc. 1). As best the Court can tell, Defendants invoke the Court's federal question jurisdiction as the basis for removal. Plaintiff moves, however, to remand the case to the state court.

District courts have original jurisdiction over all civil actions arising under federal laws. 28 U.S.C. § 1331.[2] If a case over which district courts have original jurisdiction is filed in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). A defendant must remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The thirty-day period is strictly construed. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (stating failure to comply with the statutory requirements for removal renders removal "defective" and justifies a remand).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Thus, to meet their burden, the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008). Courts narrowly construe removal jurisdiction, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

---

[2] District courts also have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. This jurisdiction is not at issue here.

Plaintiffs argue the Notice of Removal fails to establish how this Court has subject matter jurisdiction. According to the "Complaint" Defendants attached to their Notice of Removal (Doc. 2), it appears they are claiming federal question jurisdiction by asserting the foreclosure action violates the Fair Debt Collection Practices Act ("FDCPA"). This is problematic for several reasons. First, Plaintiff neither alleged a violation of the FDCPA nor any other federal law in the foreclosure complaint. *See Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns*, 182 F.3d 851, 854 (11th Cir. 1999) ("A case thus may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." (citation omitted)). Without showing the foreclosure action presented a federal question, Defendants have no basis to remove this case. Second, even considering Defendants' improper "Complaint," it contains no cause of action under the FDCPA. Defendants do nothing more than re-litigate issues from the foreclosure action. Third, Defendants cannot plead the FDCPA violation as a counterclaim to trigger jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction.").

Not only is Defendants' removal jurisdictionally defective, but it is also procedurally defective. Defendants failed to timely remove this case. They filed the Notice of Removal over five years after being served with the foreclosure complaint. *See HSBC Bank USA, N.A. v. Anderson*, No. 6:12-cv-Orl-22DAB, 2012 WL 4896686, at *2 (M.D. Fla. Sept. 24, 2012) ("To the extent [d]efendants purport to remove the original mortgage foreclosure

complaint, such removal is untimely as it occurred years after the commencement of the action.").

If the jurisdictional and procedural defectives are not enough, the *Rooker-Feldman* also bars Defendants' removal. "The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Defendants' removal falls squarely under the *Rooker-Feldman* doctrine. They appear to use hypothetical FDCPA claims to attack the state court's final foreclosure judgment in an attempt to re-litigate the foreclosure action and to stop the foreclosure sale. *See Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (stating federal district courts have "no authority to review final judgments of a state court" (internal quotations omitted)). Defendants' bid to move the foreclosure action to this forum, after unsuccessfully fighting it in state court for several years, is unwarranted.

Because Defendants' Notice of Removal fails to show the Court has subject matter jurisdiction, remand is required. Without jurisdiction, the Court cannot grant Defendants' Motion to Amended Complaint (Doc. 13). It thus will deny Defendants' motion as moot.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Federal National Mortgage Corporation's Motion to Remand. (Doc. 10) is **GRANTED**.

(2) Defendants' Motion to Strike Plaintiffs' Motion for Remand (Doc. 14) is **DENIED**.

(3) The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

(4) The Clerk of Court is **DIRECTED** to terminate pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of February 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record